UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GLEN DALE SPIVEY,

     Plaintiff,

v.                                                    Case No. 4:20cv95-MW-HTC

LEONARD SCHLOFMAN, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Plaintiff's first amended civil rights complaint, purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 10. The amended complaint has been referred to the undersigned for preliminary screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed herein, the undersigned respectfully recommends that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to disclose his complete litigation history.

    Plaintiff is a prisoner currently incarcerated at Blackwater River Correctional and Rehabilitation Facility. He is proceeding in this action *pro se* and *in forma pauperis*. Plaintiff sues sixteen (16) individual defendants, employed by ten (10) different employers[1], and five (5) entities. The crux of Plaintiff's amended

---

[1] In some instances, Plaintiff lists multiple employers for a given defendant.

complaint is that Defendants were deliberately indifferent to his need for medical treatment.

Plaintiff initiated this action in February 2020 and, upon screening, the Court found the initial complaint to be deficient.  ECF Doc. 4.  Among other issues, the Court determined the complaint (1) far exceeded the 25-page limit without Court authorization and (2) presented time-barred claims.  *Id.*  The Court, thus, directed the clerk to provide Plaintiff with another copy of this Court's civil rights complaint form and gave Plaintiff an opportunity to file an amended complaint.  *Id.*

After an extension of time, Plaintiff filed his first amended complaint on the Court's form.  ECF Doc. 10.  Despite clear instructions, Plaintiff again exceeded the page requirement in N.D. Fla. Loc. R. 5.7(B) and continues to present claims that are barred by the statute of limitations.  *See Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) (holding that "the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida") (citing *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

Additionally, in the first amended complaint, Plaintiff signed his name after the following statement, which appeared after the section marked "PRIOR LITIGATION": "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct," and included a certification under Rule 11. ECF Doc. 10 at 22, 25, 28.  Despite that declaration, however, Plaintiff failed to

disclose four (4) cases and one (1) appeal that he previously filed, one of which is still pending.

Section VIII of the complaint form, titled "PRIOR LITIGATION" asks: "C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?" *Id.* at 22, 24. The form requires Plaintiff to identify and describe any cases responsive to this question. Plaintiff marked "Yes" and disclosed one (1) case and one (1) appeal. Thus, Plaintiff swore that, at the time he filed his amended complaint on May 13, 2020, he had not filed any other prior federal cases challenging his conviction or otherwise relating to the conditions of his confinement. Plaintiff's representation to the Court, however, was not truthful or accurate. To the contrary, at the time Plaintiff filed his amended complaint, Plaintiff had filed at least four (4) additional prior federal actions and one (1) additional appeal challenging his conviction or relating to the conditions of his confinement.

As a matter of course, the Court attempts to make an independent investigation into whether litigants truthfully complete its complaint forms, especially when a lack of candor in informing the Court of prior lawsuits may affect the Court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable. Upon such an investigation in this case, the undersigned

discovered that, at the time Plaintiff filed his complaint, he had filed under his name

and Florida Department of Corrections ("FDOC") Registration Number 410286 at

least the following undisclosed actions:

> *Spivey v. Fla. Dep't of Corr.*, 3:19cv847 (M.D. Fla.) (§ 1983 action
> dismissed because Plaintiff did not file an actual complaint, use the
> proper civil rights complaint form, or include the information required
> by the civil rights complaint form; instead, he filed a document that was
> essentially identical to the one he filed in 3:19cv846, except that it
> included one (1) extra page that specified what personal property had
> been taken from him)
>
> *Spivey v. Fla. Dep't of Corr., et al.*, 3:19cv846 (M.D. Fla.) (action
> docketed as being brought pursuant to § 1983 and dismissed because
> Plaintiff did not file an actual complaint, did not use the proper court
> form, and did not include the information required by the civil rights
> form; instead, Plaintiff just filed a very brief document he called an
> "affidavit of a medical nature," which included a grievance)
>
> *Spivey v. Sec'y, Fla. Dep't of Corr. and Fla. Atty. Gen.*, 8:13cv767
> (M.D. Fla.) (pending habeas petition)
>
> *Spivey v. Sec'y, Fla. Dep't of Corr. and Fla. Atty. Gen.*, 8:05cv2002
> (M.D. Fla.) (habeas petition dismissed as premature because Plaintiff
> had a then-pending post-conviction proceeding in state court that
> involved some of the same issues raised in this action)
>
> *Spivey v. Sec'y, Fla. Dep't of Corr. and Fla. Atty. Gen.*, 0:13stp14167
> (11th Cir.) (appeal from 8:13cv767 dismissed for lack of jurisdiction)

Plaintiff did not disclose any of these federal actions, despite the complaint form's

clear instructions.[2]

---

[2] The Court also reviewed the initial complaint (ECF Doc. 1) to see if these cases were disclosed
on that document, and they were not.

The Court has the authority to control and manage matters pending before it, and Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

Plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "***Failure to disclose all prior cases may result in the dismissal of this case***." ECF Doc. 10 at 25 (emphasis in original). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for him to attempt to evade or undermine the purpose of the complaint form. The Court, therefore, should not allow Plaintiff's false response to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is to dismiss this case without prejudice. *See Bratton v. Secretary, DOC*, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one (1) prior federal case).

Because this is a dismissal without prejudice, Plaintiff will not be prejudiced from filing a new action based on these same claims.[3]

Accordingly, it is respectfully RECOMMENDED that:

1.       This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. §§ 1915(e)(2) and 1915A.

2.       The clerk be directed to close the file.

Done in Pensacola, Florida this 5th day of June, 2020.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

---

[3] To be clear, however, the Court has not reviewed Plaintiff's amended complaint to determine whether it is sufficient to be served and the Court's comment above should not be interpreted as a determination by the Court that Plaintiff has stated a cause of action against the Defendants.